IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES L. KARN,

    Plaintiff,

v.

BEN AVON BOROUGH

    Defendant.

11cv0196
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

Pro se Plaintiff, James L. Karn, brought this civil rights lawsuit generally claiming that his Fourteenth Amendment (equal protection and due process) rights were violated by Defendant, Borough of Ben Avon. Doc. no. 1, Count I. Plaintiff also claimed Defendant engaged in "conspiracy in restraint of trade" with respect to Plaintiff's ownership of real estate. Id., Count II. Finally, Plaintiff asserts that he has been the victim of a conspiracy between the municipal and state governments. Id., Counts II and III.

Presently before the Court is Defendant's Motion to Dismiss which this Court will grant for the reasons more specifically set forth below.

### I. Standard of Review

**A. Rule 12(b)(1) – Lack Of Subject Matter Jurisdiction**

To confer original jurisdiction upon a District Court under the Constitution or laws of the United States, see 28 U.S.C. § 1331, 1337, plaintiff must assert a claim founded directly upon federal law. See Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936). The federal right asserted "must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." Id.

Furthermore, the claim must be essential to plaintiff's cause of action, Warrington Sewer Co. v. Tracy, 463 F.2d 771, 772 (3d Cir. 1972) (plaintiff's cause of action did not have, "as an essential element, a right . . . created by the Constitution or laws of the United States"), and must raise a substantial federal question, see Hagans v. Lavine, 415 U.S. 528, 536-538 (1974). For the claim to be substantial, it need not be one that will ultimately succeed on the merits. See, e.g., Lewis v. Am. Fed'n of State, County and Mun. Employees, 407 F.2d 1185, 1188 n.3 (3d Cir. 1969). Provided that the federal claim is material, and not raised solely for the purposes of obtaining jurisdiction, and is not rendered frivolous by case law, a federal question will exist for purposes of sections 1331 and 1337. See Bell v. Hood, 327 U.S. 678, 682-83 (1946).

When a Court considers a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the first question is whether defendant is making a facial or factual jurisdictional attack. CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008). In a facial jurisdictional attack, where defendant asserts that the allegations of the Complaint are insufficient to establish jurisdiction, the Court may only consider the allegations of the Complaint, and must do so in the light most favorable to plaintiff. U.S. ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 513 (3d Cir. 2007). In a factual jurisdictional attack, where defendant argues that the Court lacks jurisdiction based on evidence outside of the pleadings, the Court may "consider and weigh evidence outside the pleadings . . .". Id. at 514. The burden of proof is on the plaintiff to establish jurisdiction. Id. Thus, when presented with a factual 12(b)(1) motion, the Court need only accept the plaintiffs' uncontroverted allegations as true, Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993)(citing Gibbs v. Buck, 307 U.S. 66, 72 (1939) and 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure " 1350, 1363, at 219-20, 457 (2d ed. 1990)). In short, a facial attack concerns an

"alleged pleading deficiency." CNA, 535 F.3d at 139 (citation and internal quotation omitted). A factual attack, however, concerns "the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." Id. (citation and internal quotation omitted).

**B. Rule 12(b)(6) – Failure to State a Claim**

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. Id. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.' " Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." PA Prison Soc. v. Cortes, 622 F.3d 215, 233 (3d Cir. 2010), citing Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009).

As explained succinctly by the United States Courts of Appeals for the Third Circuit:

> Pursuant to Ashcroft v. Iqbal, [citation omitted], district courts must conduct a two-part analysis when presented with a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009). "First, the factual and legal elements of a claim should be separated." Id. "The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11. "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S.Ct. at 1950).

Edwards v. A.H. Cornell and Son, Inc., 610 F.3d 217, 219 (3d Cir. 2010).

When determining whether a plaintiff has met the second part of the analysis and presented facts sufficient to show a "plausible claim for relief," the Court must consider the specific nature of the claim presented and the facts pled to substantiate that claim. For example, in Fowler, a case predicated upon a violation of the Rehabilitation Act, the Court of Appeals determined that "[t]he complaint pleads how, when, and where [the defendant] allegedly discriminated against Fowler." 578 F.3d at 212. The Court, while noting that the Complaint was "not as rich with detail as some might prefer," it the "how, when and where" provided by the plaintiff sufficient grounds to establish plausibility. Id. at 211-212.

The Court of Appeals in Guirguis v. Movers Specialty Services, Inc., 346 Fed.Appx. 774, 776 (3d Cir. 2009), a civil rights and Title VII case, affirmed a decision to dismiss a plaintiff's complaint because the plaintiff failed to plead facts explaining why he believed his national origin was the basis for the termination of his employment.

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), the district court should apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. The Court may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Id. at 556, 563 n.8. Instead, the Court must ask

4

whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief. Id. at 563 n.8. Generally speaking, a complaint that provides adequate facts to establish "how, when, where, and why" will survive a motion to dismiss. See Fowler and Guirguis, supra.

Based upon these standards, this Court has reviewed Defendant's Motion to Dismiss Plaintiff's Complaint.

## II. Factual Background

This lawsuit involves a residence located at property address of 518 Dickson Avenue (presumably located in Ben Avon)[1]. Doc. no. 1, generally. The Complaint alleges that Defendant found property code violations at 518 Dickson Avenue and directed these notifications to William Karn.[2] Id. at ¶ 28, 31. Plaintiff alleges that William Karn occupied 518 Dickson Avenue "for over 20 years" and worked with Defendant "for years" to bring the property "up to community standards" but Defendant, dissatisfied with the progress, ultimately cited William Karn for property code violations. Id. at ¶¶ 28-31.

---

[1] This Court notes that the Allegheny County Real Estate website (www2.county.allegheny.pa.us/RealEstate/Default.aspx) indicates that there are two parcels which have a property address of 518 Dickson Avenue. One parcel (lot and block number 0277-N-00017-000-00) is listed as part of Ben Avon Borough, the other parcel (lot and block number 0277-N-00027-000-00) is listed as part of Kilbuck Township. The parcel in Ben Avon Borough is described as "single family," while the parcel in Kilbuck Township is described as "vacant land." The image for the Ben Avon Borough parcel depicts a house shielded among trees, but there is no image available for the Kilbuck Township property. The owner of the Ben Avon Borough parcel is listed as "James B. Karn (L/E)," and the previous owners were "James Leslie Karn and William S. Karn." The owner of the Kilbuck Township parcel is listed as "James B. Karn" and the previous owner is listed as "William S. Karn." Based on the allegations in the Complaint along with the aforementioned information from the Allegheny County Real Estate website, this Court believes that the only 518 Dickson Avenue parcel at issue is the one at lot and block number 0277-N-00017-0000-00, located in Ben Avon Borough. Accordingly, all references to "518 Dickson Avenue" in this Opinion shall refer to the parcel at lot and block number 0277-N-00017-0000-00, located in Ben Avon Borough.

[2] As noted in footnote 1, above, the Allegheny County Real Estate website indicates that James Leslie Karn (Plaintiff in this lawsuit) and William S. Karn were previous owners of the 518 Dickson Avenue, Ben Avon parcel. The date the sale of the premises to James B. Karn was recorded was August 16, 2002. (James B. Karn apparently took possession property as a life estate, hence the "L/E" designation.) Plaintiff's Complaint fails to include any date(s) indicating when Defendant allegedly notified William Karn of the property code violations.

When no one appeared for a local court hearing (presumably on the property code violation matter), Defendant issued a warrant for James B. Karn, the then title owner of the property at issue.[3]  Id. at ¶ 32.  Plaintiff's Complaint indicates that Plaintiff "accompanied" William Karn to the "local [court] hearings" and during this time, Defendant sent correspondence to William Karn at the 518 Dickson Avenue address.  Id. at ¶ 34.

Plaintiff alleges that on July 21, 2009, he "accepted full responsibility for repairing the property" at issue.  Id. at ¶¶ 41-42.  Plaintiff claims William Karn had lived in the subject home for over 20 years, and that until he moved out and "turned over control" of the home to Plaintiff, Plaintiff had not seen the home.[4]  Id. at ¶¶ 46-48.

Plaintiff claims that he "worked diligently to correct the problems," but Defendant "continued to pursue the legal matter without regard for providing [Plaintiff] with sufficient time or notice needed to correct the problems."  Id. at ¶¶ 44-45.  Plaintiff claims he "completely restored" the subject home "exceeding code requirements" after taking possession.  Id. at ¶ 49.

Plaintiff filed a 14th Amendment claim against Defendant, Borough of Ben Avon, claiming it "failed to separate the legal action that it took against William Karn" from Plaintiff and thereby violated Plaintiff's 14th Amendment rights.[5]

In response to the Complaint, Defendant filed a Motion to Dismiss, arguing the Plaintiff is barred from bringing this lawsuit under Federal Rules of Civil Procedure 12(b)(1) and

---

[3] Plaintiff's Complaint indicates that James B. Karn is Plaintiff's deceased father. Id. at ¶ 32.

[4] Plaintiff indicates that he resides at 6905 Merton Road, in Ben Avon. Id. at ¶ 1.

[5] This Court also takes judicial notice of the fact that William S. Karn previously sued the Borough of Ben Avon for violating his constitutional rights associated with the 518 Dickson Avenue property and the repairs he purportedly made to it.  See case no.0 9-cv-849.  Mr. Karn voluntarily withdrew his lawsuit. See case no 9-849, doc. no. 2. In addition, Mr. William S. Karn sued the Borough of Ben Avon for violating some of his other constitutional rights, again associated with the 518 Dickson Avenue property.  See case no. 08-cv -367.  The case was settled and discontinued.  See case no. 8-367, doc. no. 26.

12(b)(6). Plaintiff has responded to the Motion. See doc. no. 13. For reasons set forth in greater detail below, Plaintiff's lawsuit will be dismissed with prejudice.[6]

### III. DISCUSSION

Defendant primarily argues that this Court lacks subject matter jurisdiction over this Complaint. Because this is a threshold issue in any case, this Court will address Defendant's argument on this point, first.

As noted above, this Court must first determine whether Defendant's Motion to Dismiss under Fed.R.Civ.P. 12(b)(1), attacks the Complaint on its face or based upon the facts. CNA, 535 F.3d at 139. Here, although it appears as though Defendant suggests a facial jurisdictional attack is all that is needed for this Court to dismiss the Complaint (see doc. no. 11, p. 5), this Court, considering the Plaintiff's *pro se* status, endeavored to undertake a more comprehensive review of this matter, and considered Defendant's secondary argument suggesting a factual attack. Id. at p. 6.[7]

Specifically, Defendant suggests that although the Complaint attempts to assert a cause of action created by federal law, there is no federal question at issue. Id. Rather, Defendant contends that Plaintiff's Complaint is an attempt to re-litigate an issue which was previously fully litigated in a state court and ultimately disposed of by the Commonwealth Court of Pennsylvania. Id.

---

[6] Given the state of the law on this matter, as will be discussed in greater detail below, any amendment would be futile and thus, Defendant's Motion to Dismiss will be granted with prejudice. See, In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) (" . . . a district court may exercise its discretion and deny leave to amend on the basis of . . . futility.").

[7] Although at first blush it would appear as though the Plaintiff's Complaint, which references a prior state court lawsuit where he emerged as the loser, is enough to sustain a facial attack, it is the substance of the decisions reached in the state court lawsuit which bar Plaintiff's federal action. Accordingly, Plaintiff's references to the state court proceedings and Defendant's arguments in support of its Motion to Dismiss based on those same state court proceedings, required this Court to look beyond the allegations in the Complaint, to the actual state court records, thereby suggesting a factual attack.

Defendant argues that under the Rooker-Feldman doctrine, this Court is precluded from exercising jurisdiction over cases where a plaintiff claims he has been injured by a state-court judgment thereby inviting this Court to review and reject that state-court judgment. Id. See Exxon Mobil Corp. v. Saudi Basic Industries, Corp., 544 U.S. 280, 284 (U.S. 2005). However, as noted by the Supreme Court in Exxon:

> The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.
> \* \* \*
> Sixty years later, the Court decided District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206.
> \* \* \*
> Since Feldman, this Court has never applied Rooker-Feldman to dismiss an action for want of jurisdiction. The few decisions that have mentioned Rooker and Feldman have done so only in passing or to explain why those cases did not dictate dismissal. See Verizon Md. Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 644, n. 3, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002) ( Rooker-Feldman does not apply to a suit seeking review of state agency action); Johnson v. De Grandy, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994) (Rooker-Feldman bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," but the doctrine has no application to a federal suit brought by a nonparty to the state suit.)

544 U.S. at 1521-1523.

Based on the allegations set forth in the Complaint currently before this Court, it is clear from the face of Plaintiff's Complaint that Plaintiff references his state court lawsuit. See doc. no. 1 at ¶¶ 17-18, 21, 28, 31-33, 37. Based upon the Complaint, Defendant notified William Karn that the condition of 518 Dickson Avenue violated a section or sections of the borough code; and, at some point in time, Plaintiff became

8

aware of these citations and attended at least some of the legal proceedings associated with them. Id. Thus, based solely on these references asserted by Plaintiff in his Complaint, Plaintiff was aware of prior litigation concerning 518 Dickson Avenue, attended legal proceedings concerning 518 Dickson Avenue, and is now attempting to re-litigate matters concerning 518 Dickson Avenue which have already been fully adjudicated in Pennsylvania's state court. As such, this Court would lack subject matter jurisdiction based on the Rooker-Feldman doctrine.

However, Plaintiff's Complaint also alleges that although he was eventually made aware of the condition of the property at issue (see doc. no. 1 at ¶¶ 41-44), he was not provided notice by Defendant of the ongoing legal proceedings related to the property. Id. at ¶ 45. Although Plaintiff admits he "accompanied" William Karn to legal proceedings, he claims his 14th Amendment due process rights were violated given his lack of official notice about the condition of 518 Dickson Avenue and the legal proceedings that ensued concerning the condition of the premises.

Although the Complaint does not provide great detail about the previously litigated case, the Complaint does reference a lawsuit that was previously litigated in state court. See e.g. ¶¶ 6-9 (referencing past litigation); and ¶ 17 ("The case was reviewed by the Commonwealth Court of Pennsylvania (No. 1703 CD 2009) …").[8] In addition, this Court has taken judicial notice of the

---

[8] This Court takes judicial notice that case no. 1703 CD 2009 filed in Commonwealth Court of Pennsylvania originated as an appeal filed by Plaintiff in this action, James L. Karn, from a decision entered in the Court of Common Pleas by the Honorable Robert C. Gallo. This Court also takes judicial notice that the underlying Common Pleas case originated after Mr. James L. Karn (Plaintiff) was found Guilty of violating six sections of Defendant's local ordinance number 694 with respect to the property located at 518 Dickson Avenue, Ben Avon, PA. Specifically, district magistrate Tara Smith found Mr. James L. Karn (Plaintiff) guilty of violating a section of the ordinance relating to unsafe structure and Mr. James L. Karn appealed to Allegheny County Common Pleas where Judge Gallo held a hearing and received evidence. At the conclusion of the hearing Judge Gallo continued the matter to allow time for the deficiencies to be corrected. Subsequently, additional deficiencies were noted and the district magistrate again found violations of the Code. Mr. Karn (Plaintiff) again appealed and this appeal was joined with the previous that had been continued by Judge Gallo. At the intial hearing before Judge Gallo on the

lawsuits that were previously in this Federal District Court by William Karn which also concern the 518 Dickson Avenue property and the Borough of Ben Avon.

The Defendant's Brief in support of its Motion to Dismiss also references the prior state court case related to this federal action, and specifically claims that the Commonwealth Court of Pennsylvania, on March 8, 2010, affirmed (without a written opinion) the Court of Common Pleas decision. Doc. no. 11, p. 7. Defendant claims the outcome of state court matter lies at the heart of this federal lawsuit, not a violation of Plaintiff's federal civil rights. Id.

This Court, after careful review of the state court records in the previous matter which Defendant alleges is related to the instant federal court lawsuit, agrees with Defendant that this federal case is nothing more than Plaintiff's attempt to re-litigate the state court issues surrounding the borough code violations for 518 Dickson Avenue. This Court takes judicial notice of the following state court records filed at criminal docket number CL/SA 09-953:

- The state court records indicate that on July 21, 2009, Judge Gallo held a summary appeal hearing and found James L. Karn (Plaintiff in this action) guilty of six violations of the property maintenance code of the Borough of Ben Avon. See 10/1/2009 Opinion of Judge Gallo. Judge Gallo's Opinion also indicates that second summary appeal filed at docket no CL/SA 08-3254 was consolidated for trial with CL/SA 09-953.

- Importantly, Judge Gallo notes in his Opinion that Plaintiff appeared at the July 21, 2009 hearing and testified on his own behalf. In addition, Judge Gallo's Opinion also notes that although Plaintiff claimed that he was denied due process because he did not receive the initial citation or notices, the Opinion explains that either Plaintiff "and/or his attorney appeared at all proceedings" and further states that Plaintiff "testified that he had received the original citation." In short, Judge Gallo concludes that Plaintiff "was provided with notice and an opportunity to be heard."

- The docket sheet for CL/SA 09-953 indicates James L. Karn then appealed Judge Gallo's decision to the Commonwealth Court. In its Opinion, the Commonwealth Court noted that on July 19, 2009, James L. Karn (Plaintiff here) was present but unrepresented by counsel at the hearing held before Judge Gallo. See

---

first violation, as well as at the second hearing on the subsequent violations, William S. Karn, Esquire appeared before the Court as the tenant of the premises and as counsel for the property owner, James L. Karn (Plaintiff).

> Memorandum Opinion by Senior Judge Kelley, dated March 8, 2010, at p. 2. However, the Court William S. Karn, Esquire, James L. Karn's uncle, had previously acted on James L. Karn's behalf and filed the summary appeal docketed at 09-953. Id. The Commonwealth Court's Opinion indicated it reviewed hearing transcripts from the proceedings and determined that James L. Karn did raise due process claims at the trial court level. Id., at p. 6. Upon review of Plaintiff's due process claims and Judge Gallo's disposition of them, the Commonwealth Court then affirmed Judge Gallo's finding that none of Plaintiff's due process rights were violated. Id., pp. 6-8.

On May 21, 2010, Plaintiff filed a petition or allowance of appeal with the Pennsylvania Supreme Court, but his request for appeal was denied on November 16, 2010, thereby rendering the Commonwealth Court decision final.

Based on the allegations in Plaintiff's Complaint as well as the documents that this Court has reviewed in the state court action, this Court is convinced that Plaintiff's Complaint presents no new matter and certainly no federal question that this Court may hear. Accordingly, this Court finds that it lacks subject matter jurisdiction and no amendment filed by Plaintiff could cure this deficiency.

### IV. CONCLUSION

In sum, this Court finds that the Complaint filed by Plaintiff is nothing more than an attempt to have this Federal District Court review a decision reached by a State Court. As such, this Court finds that it lacks subject matter jurisdiction and thus, this case will be dismissed pursuant to Fed.R.Civ.P. 12(b)(1). An appropriate Order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  James L. Karn
     6905 Merton Road
     Pittsburgh, PA 15202
     (412)761-8132
     PRO SE PLAINTIFF