IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES L. KARN,

      Plaintiff,

v.

BEN AVON BOROUGH

      Defendant.

11cv0196
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On February 12, 2011, Plaintiff filed a Complaint generally alleging that Defendant violated his civil rights when Defendant fined him for building code violations. Doc. no. 1. On May 16, 2011, Defendant filed a Motion to Dismiss predicated upon Fed. R. Civ. P. 12 (b)(1), claiming, *inter alia*, that Plaintiff was trying to litigate a matter in this Court which had been previously fully adjudicated in state court. Doc. no. 10. After Plaintiff filed his Brief in Opposition to the Motion to Dismiss, this Court granted Defendant's Motion. Doc. nos. 13-15.

In the Memorandum Opinion dated June 2, 2011, this Court explained that based on the insurmountable evidence that Plaintiff had fully adjudicated this matter before the Court of Common Pleas of Allegheny County, this Court lacked subject matter jurisdiction. Doc. no. 14. Accordingly, this Court granted Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Doc. nos. 14-15.

Plaintiff has now filed a Motion for Reconsideration of this Court's decision to dismiss his lawsuit pursuant to Fed. R. Civ. P. 12(b)(1). Doc. no. 17. For the foregoing reasons, this Court will deny Plaintiff's Motion.

**I. Standard of Review**

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. Pahler v. City of Wilkes Barre, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001). A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. Rossi v. Schlarbaum, 600 F. Supp. 2d 650, 670 (E.D. Pa. 2009).

**II. Discussion**

Although Motions for Reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose. U.S. v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). Although Plaintiff failed to indicate whether his Motion for Reconsideration was pursuant to Rule 59 or Rule 60, this Court will view such a motion "as the 'functional

equivalent' of a Rule 59(e) motion to alter or amend a judgment." Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir.1986) (internal citation omitted).

"A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995) (internal quotation marks, brackets and citation omitted). See also Lewicki v. Washington County, no. 10-3284, 2011 WL 2455565, at *4 (3d Cir., decided June 21, 2011) (Dismissal order barring lawsuit as untimely pursuant to statute of limitations was not entitled to reconsideration when Appellant failed to present any ground upon which to grant a reconsideration motion).

In this case, Plaintiff offers no argument concerning: (1) any intervening change in controlling law, (2) availability of new evidence not available previously, or (3) need to correct clear error of law or prevent manifest injustice. Essentially, Plaintiff's Motion is predicated upon his belief that he is entitled to avail himself of this Court's Alternative Dispute Resolution or "ADR" process (specifically, the Early Neutral Evaluation component of the ADR process), which this Court requires in all civil disputes.

Because this Court previously determined that it lacked subject matter jurisdiction over this matter, and dismissed this case with prejudice, the ADR process is no longer required by this Court. Simply put, once this Court disposed of Plaintiff's lawsuit by granting Defendant's Motion to Dismiss, this Court relinquished all control over this matter. Thus, the ADR process, which would have been required if this Court had maintained jurisdiction (and therefore control) over this lawsuit, is no longer a process available to the parties through the Court.

### III. Conclusion

Because Plaintiff failed to provide a legal basis for reconsideration of the Court's June 2, 2011, Order (doc no. 15) which dismissed this case, Plaintiff's Motion for Reconsideration will be denied. An appropriate Order follows.

s/ Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel and Parties

       James L. Karn, *pro se*
       6905 Merton Road
       Pittsburgh, PA 15202
       (412)761-8132
       PRO SE PLAINTIFF